UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHILLIP HALSEY

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY

                Defendant.

**MEMORANDUM AND ORDER**

22-CV-629 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

Phillip Halsey ("Plaintiff"), proceeding pro se, appeals the denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") by the Social Security Administration Commissioner (the "Commissioner"). The parties cross-move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND[1]

On November 8, 2016, Plaintiff was involved in a low-speed car accident and went to the emergency room. (Admin. Tr. at 260, 262, ECF No. 8.) On December 17, 2018, Plaintiff applied for DIB claiming he was disabled due to a left knee injury, arthritis, diabetes, and sciatica. (*Id.* at 14, 181–82, 195.) The Administrative Law Judge ("ALJ") denied Plaintiff's application on April 26, 2019. (*Id.* at 87.) Plaintiff sought reconsideration of that decision and on July 24, 2019, the ALJ determined that Plaintiff was disabled beginning on June 19, 2019 under the Act based on his education, sedentary residual functional capacity ("RFC"), borderline

---

[1] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant motions.

age, and transferability of skills pursuant to Medical-Vocational Rule 201.14. (*Id.* at 14, 82, 87, 90–92.) Plaintiff requested a hearing on October 16, 2019, maintaining that his disability onset date was November 7, 2016, and that he was disabled through June 18, 2019. (*Id.* at 14.) An administrative hearing was held before ALJ Michelle Allen on April 22, 2020, at which Plaintiff was represented by an attorney. (*Id.* at 14, 55–81.)

In written findings issued on June 26, 2020, the ALJ determined, in light of the hearing testimony and medical evidence, that Plaintiff was not "disabled" under sections 216(i) and 223(d) of the Social Security Act from the period of November 7, 2016 through June 18, 2019. (*Id.* at 14–24.) Plaintiff sought review of that decision by the Appeals Council; this, too, was denied. (*Id.* at 1–7.) The instant appeal followed.

## STANDARD OF REVIEW

The Act permits a disability plaintiff to seek judicial review of a final decision by the Commissioner to deny her application for benefits. 42 U.S.C. §§ 405(g), 383(c)(3); *see also Felder v. Astrue*, No. 10-CV-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). However, a district court may only set aside the Commissioner's determination that a claimant is not disabled "if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d. Cir. 2000). The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence [.]"). Instead, the Commissioner's decision must be supported by "more than a mere scintilla" of evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

2

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex rel. Tr.J. v. Astrue*, No. 07-CV-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).

## DISCUSSION

To be eligible for DIB under 42 U.S.C. § 423, a plaintiff must establish his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months," and the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A); *see also Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). Additionally, to qualify for DIB, "an applicant must be insured for disability insurance benefits" at the time of onset. *Id*. (quoting 42 U.S.C. §§ 423(a)(1)(A) & 423(c)(1)).

The Commissioner's regulations prescribe a five-step framework for evaluating disability claims. Under that five-step process, the Commissioner determines: (1) whether the claimant is

3

currently engaged in substantial gainful activity; (2) whether the claimant has a severe physical or mental impairment, or combination of severe impairments; (3) whether the impairment (or combination) meets or equals the severity of one of the impairments specified in 20 C.F.R. Part 404, Subpart P, Appendix 1 . . . (4) whether, based on an assessment of the claimant's residual functional capacity, the claimant can perform any of her past relevant work; and (5) whether the claimant can make an adjustment to other work given the claimant's residual functional capacity, age, education, and work experience." *Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022); *see also* 20 C.F.R. §§ 404.1520. Plaintiff bears the burden of proof in the first four steps of the inquiry, but, at step five, the burden shifts to the Commissioner. *Schillo*, 31 F.4th at 70.

Here, the ALJ properly applied that framework. At step one, the ALJ determined that Plaintiff had not been engaged in substantial gainful activity—that is, work involving significant physical or mental activities done for pay or profit, from November 7, 2016 through June 18, 2019. (Tr. at 16.) And, at step two, the ALJ concluded that Plaintiff had a combination of severe impairments, specifically left tibular fibular fracture and diabetes mellitus. (*Id.*)

At step three, the ALJ determined that Plaintiff had no impairment, or combination of impairments, that were functionally equivalent to a Listed Impairment. (*Id.* at 17.) In making this determination, the ALJ found that Plaintiff's history of left tibular fracture did not meet the requirements of Listing 1.02. (*Id.*) Under Listing 1.02, a "[m]ajor dysfunction of a joint[] (due to any cause)" is characterized by a "gross anatomical deformity" and "chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint." (*Id.*; *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.02.) This involves either an "[i]nvolvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 100B2b" or "[i]nvolvement of one major peripheral joint in

4

each upper extremity (*i.e.*, shoulder, elbow, or wrist-hand), resulting in [an] inability to perform fine and gross movements effectively." (*Id.*) A review of Plaintiff's medical records showed that although he had a diagnosis fracture, there was no indication that he had a complete inability to perform gross movements effectively. (Tr. 17.) And, although the ALJ did not address Plaintiff's ability to ambulate, the Commissioner is correct that Plaintiff's use of a cane demonstrates that he could ambulate effectively.

Also, at step three, the ALJ determined that Plaintiff's history of diabetes mellitus does not meet the requirements of Listing 9.00, Endocrine Disorders. (*Id.*) Listing 9.00 lists as impairments: hyperglycemia in the form of "diabetic ketoacidosis," which "is an acute, potentially life-threatening complication" that "usually requires hospital treatment"; "chronic hyperglycemia," which "leads to long-term diabetic complications"; and "hypoglycemia," which can lead to complications, such as "seizures or loss of consciousness." (*Id.*; *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 9.00.) A review of Plaintiff's medical records showed that despite Plaintiff's diagnosis of diabetes, there is little or no evidence that his diabetes met or equaled these listings under section 9.00 and that his diabetes is treatable and stable. (Tr. 17.)

At step four, the ALJ determined Plaintiff's RFC and found that he could perform sedentary work, except that he can (1) occasionally climb ramps and stars, stoop and crouch, but can never climb ladders, ropes, or scaffolds, kneel and crawl; (2) never work at unprotected heights or with moving mechanical parts; (3) occasionally work in humidity and wetness and in extreme cold; and (4) occasionally needs a cane to ambulate. (*Id.* at 17–22.) The ALJ also found that Plaintiff could not perform his past relevant work. (*Id.* at 22.) *Fifth*, the ALJ concluded that based on Plaintiff's RFC, testimony from an impartial vocational expert and vocational factors, such as his age, education and work experience, Plaintiff could perform other

5

work that exists in significant numbers in the national economy, and was not "disabled" between November 7, 2016 through June 18, 2019 under the Social Security Act. (*Id.* at 23.)

The Commissioner urges the Court to affirm the ALJ's findings, asserting that they were supported by substantial evidence. Having reviewed the administrative record, the Court concludes that substantial evidence supports the Commissioner's determination. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for judgment on the pleadings is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge